UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
1912 WHEELER STREET                    CIVIL ACTION NO. 20-CV- 587
HOUSTON, TEXAS 77004

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

### NATURE OF THE ACTION

This is a civil action in rem brought to forfeit and condemn to the United States 1912 Wheeler Street, Houston, Texas 77004 (the "defendant property"), representing a thing of value furnished by any person in exchange for a controlled substance or listed chemical in violation of subchapter I of Chapter 13 of Title 21, and/or representing proceeds traceable to the exchange of moneys for controlled substances or listed chemicals, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and therefore, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### JURISDICTION AND VENUE

The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the

property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

The defendant property consists of the property located at 1912 Wheeler Street, Houston, Texas 77004 (the "defendant property"), with all appurtenances, improvements, and attachments thereon, and is more fully described below:

> The East twenty-five feet (E. 25') of Lot Nine (9) and the adjacent West Thirty-Three and one-third feet (W. 331/3') of Lot Ten (10), in Block Eleven (11) of ALMEDA PLACE, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 6, Page 23 of the Map Records of Harris County, Texas.
>
> NOW KNOWN AS:
>
> AMENDED PLAT OF ALMEDA PLACE PARTIAL REPLAT NO 10
> A submission of 0.1405 acre tract of land being a replat of the East 25 feet of Lot 9 and the adjacent 33 1/3 feet of Lot 10 (10), in Block Eleven (11) of ALMEDA PLACE, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 6, Page 23 of the Map Records of Harris County, Texas.
> City of Houston, Harris County, Texas.

The record owner of the property is T&H Construction, LLC.

## FACTS

### The 2018 Purchase of the Defendant Property

1. On May 14, 2018, Martrell Harris entered into a contract to purchase the defendant property for $253,000. On May 21, 2018, Harris applied for an interest-only loan with Heritage Bank for $282,000 on behalf of T&H Construction, LLC, for the purchase of the defendant property. The listed address of T&H Construction, LLC, was 27551 Lazy Meadow Way, Spring, Texas, which was Harris' residence. He also signed a Certification of Beneficial Owner which

2

listed him as having 100% ownership of T&H Construction, LLC.

2. According to the Heritage Bank Loan Worksheet, Harris intended to renovate the defendant property and then re-sell it. Harris represented to the bank that, in 2016, he had $168,000 in net rental income and $124,000 in net business income. Harris further represented to the bank that his net worth was approximately $2.7 million.

3. On May 30, 2018, Martrell Harris signed a promissory note on behalf of the borrower, T&H Construction, LLC, to pay $282,000 plus interest to Heritage Bank. This note was signed by Harris as Manager of T&H Construction, LLC.

4. On August 21, 2019, Harris applied for a $282,000 loan from Heritage bank. Harris again applied on behalf of Harris T&H Construction, LLC.

5. A 2019 Harris County Texas Property Tax Statement lists the owner of the defendant property as T&H Construction, LLC, 27551 Lazy Meadow, Spring, Texas, and indicated that $6,001.77 in property taxes had been paid for 2019.

## Martrell Harris' Suspected Involvement in Drug Trafficking

6. The ATF has been conducting an investigation of Martrell Antonio Harris for several years. He is believed to be the head of a violent drug trafficking organization that originated in Baton Rouge, Louisiana. It is believed that Martrell Harris has been involved in drug trafficking for several years, dating back to the mid-1990s. He has amassed several million dollars in assets and is believed to have directed several violent acts in order to maintain his status in the organization. Harris has been the subject of numerous federal and state investigations. Carroll Landry, the ATF special agent assigned to this case, has contacted numerous witnesses who have confirmed that Martrell Harris has sold illegal narcotics in the Baton Rouge area. It is believed that he has used illegal narcotics and proceeds from the sale of illegal drug activity to

purchase the defendant property.

7. Throughout the course of this investigation, ATF agents and officers have spoken with several different cooperating witnesses concerning Martrell Harris' involvement in narcotics trafficking for several years.

8. Cooperator A advised that he/she was hired by Martrell Harris to cook cocaine base into crack cocaine. This cooperator cooked crack cocaine for Harris for several months in the early 2000s. This cooperator advised that Harris would bring him/her one or more kilograms of cocaine and they would cook crack cocaine in furtherance of Martrell Harris's distribution efforts.

9. Cooperator B advised that he/she was taught by Martrell Harris how to "cut" heroin. Cooperator B also purchased narcotics from a third party whom Cooperator B personally saw go to a property owned by Harris to retrieve the narcotics. Cooperator B would meet the third party to purchase cocaine numerous times between the late 2000s and 2013.

10. Cooperator C advised that Martrell Harris provided him/her with narcotics and money on multiple occasions between 2010 and 2015. Cooperator C added that he/she usually received heroin from Harris.

11. Cooperator D sampled and tested illegal narcotics at a residence in Houston, Texas, for Martrell Harris on several occasions in 2018, with him present. Cooperator D also tested heroin for Harris in Baton Rouge between 2015 and 2018, both times with him present.

12. Cooperator E advised that he has known Martrell Harris since the mid-1990s. This cooperator advised that Harris was his/her boss and leader of his own drug trafficking organization. This cooperator has been paid in illegal narcotics for work for Harris. This cooperator advised that not many people could buy drugs directly from Martrell Harris. Only the subjects who were

at the top of the organization could get narcotics directly from him. This cooperator observed Harris and his associates cook crack cocaine on many occasions.

13.    Cooperator F purchased large quantities of cocaine on several occasions from Martrell Harris between approximately 2007 and 2012.

### Martrell Harris' Companies

14.    According to the Louisiana Secretary of State's Office corporate database, Martrell Harris was listed as the registered agent and only officer of a purported business called T&H Sons & Trucking, LLC ("T&H Trucking"), 3523 Mission Drive, Baton Rouge, Louisiana. 3523 Mission Drive is a residence on a residential street in Baton Rouge. On or about May 27, 2005, this company obtained a business license from the Louisiana Secretary of State's Office to initiate this trucking business. This license was revoked on August 18, 2009. Louisiana Department of Labor records indicate no wages earned by any employees of T&H Trucking and no tax returns filed from approximately 2015 to the present. Additionally, a review of bank accounts utilized by Martrell Harris purportedly for business purposes reflect no sales tax payments submitted to the Louisiana Department of Revenue for T&H Trucking in 2015 through 2018.

15.    Additionally, Louisiana Secretary of State records revealed that Martrell Harris was listed as the registered agent and only officer of a purported business called Harris & Sons Construction, LLC, 3523 Mission Drive, Baton Rouge, Louisiana. This company obtained a business license on May 17, 2012; this license was revoked on August 21, 2015. There were no other records with the Louisiana Secretary of State's office indicating a trucking business.

16.    According to the records of the Texas Secretary of State, on October 26, 2017, HARRIS obtained a business license for T&H Construction, LLC, listing 5621 Van Zandt Street, Houston, Texas, as its business address. Additionally, Harris listed himself as the sole manager

of the business, and listed 5621 Van Zandt Street as his address. T&H Construction forfeited its active status on January 25, 2019.

## Purchases of Real Property by Martrell Harris

17. Martrell Harris has purchased numerous properties, many of them with cash. He owns numerous properties in East Baton Rouge Parish and some in Texas including a residence in Spring, Texas, worth approximately $1.5 million. This residence in Texas is the last-known personal residence and the address for his purported business operations.[1] According to conveyance records from East Baton Rouge Parish, Harris purchased five single-family dwellings and one quad-plex multi-family dwelling from 2006 through 2012 for a total of approximately $137,000 in cash.

18. On January 21, 2015, Martrell Harris purchased the lot on which his personal residence was built. He applied for a $700,000 construction loan with Bancorp South. In the application, he listed his total monthly income as $17,445.83, with $9,195.83 originating from rental income and $8,250 earned from his trucking company, T&H Trucking.

## Records pertaining to Martrell Harris' companies

19. In the Bancorp South records, an officer noted that Martrell Harris used his trucking company to deliver or transport goods. The bank records did not reveal the existence of any trucking-related expenses including expenses for payroll, truck maintenance, gas, or insurance. The investigation has not revealed the existence of any trucks for T&H Trucking.

20. In February 2020, agents from the ATF and other law enforcement officers executed a search warrant of the defendant property which was the purported business location for

---

[1] Harris is currently a fugitive from two murder warrants issued by the 19th Judicial District, State of Louisiana. His current whereabouts are unknown.

6

T&H Trucking. During the search of the residence, the only documentation located associated with T&H Trucking was from a stack of receipts from approximately 2005 to 2006. Furthermore, no records were found pertaining to T&H Construction.

21. The investigation did not reveal evidence to support Martrell Harris' claim of earning $9,195 per month in rental income. The bank records did reveal some deposits purporting to be rental income payments. However, the bank records do not support the existence of rental property income near $9,000 per month.

### Operations of a Legitimate Trucking Company

22. To determine whether or not a trucking business is a cash-intensive business and would normally maintain any records, ATF agent Carroll Landry interviewed the owner of a trucking business which has been in operation for over ten years. The owner advised that cash is rarely used in the trucking business. He advised that a trucking company has three major expenses: fuel, tires, and maintenance. Even a small trucking company would likely spend thousands of dollars in fuel each month. Large truck tires are expensive to purchase and to repair. Spending cash for any of these expenses would be counter-productive for a legitimate trucking business because they could not be used to track expenses and to reduce federal and state tax liability. Furthermore, a legitimate trucking business would have numerous records. These would include not just records of fuel, tires, and maintenance, but also for business insurance, truck insurance, worker's compensation, business licenses, and employees.

### LAW

21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds

traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

## BASIS FOR FORFEITURE

The defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it represents a thing of value furnished by any person in exchange for a controlled substance or listed chemical in violation of subchapter I of Chapter 13 of Title 21, and/or represents proceeds traceable to the exchange of moneys for controlled substances or listed chemicals, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a summons for the arrest and seizure of the defendant property, that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just. The United States also advises that notice of this action will be given to all persons known or thought to have an interest in or right against the defendant property.

    UNITED STATES OF AMERICA, by
    BRANDON J. FREMIN
    UNITED STATES ATTORNEY

    /s/ J. Brady Casey
    J. Brady Casey, LBN 24338
    Assistant United States Attorney
    777 Florida Street, Suite 208
    Baton Rouge, Louisiana 70801
    Telephone: (225) 389-0443
    Fax: (225) 389-0685
    E-mail: john.casey@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
1912 WHEELER STREET
HOUSTON, TEXAS 77004

CIVIL ACTION NO. 20-CV-587

## **VERIFICATION**

I, Carroll J. Landry, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, that I have read the foregoing <u>Verified Complaint In Rem</u> and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 4th day of September, 2020.

_____
CARROLL J. LANDRY
Bureau of Alcohol, Tobacco, Firearms, and Explosives

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> *Plaintiff(s)* <br> v. <br> 1912 Wheeler Street, Houston, Texas 77004 <br><br> *Defendant(s)* | Civil Action No. 20-CV-587 |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  1912 Wheeler Street, Houston, Texas 77004

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    J. BRAD CASEY
ASSISTANT UNITED STATES ATTORNEY
777 FLORIDA STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 20-CV-587

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
1912 Wheeler Street, Houston, Texas 77004

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Brad Casey, AUSA
777 Florida Street, Suite 208
Baton Rouge, LA 70801 Tel: 225-389-0443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 United States Codes Section 801 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/08/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/: J. Brady Casey

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.