UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
1912 WHEELER STREET
HOUSTON, TEXAS 77004

CIVIL ACTION

NO. 20-587-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Stay Civil Proceeding Pursuant to 18 USC § 981(g)(2)* (Doc. 7) filed by claimant Martrell Harris ("Harris"). The United States opposes the motion. (Doc. 8.) No reply was filed. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Harris' motion is denied.

**I.      Factual Background**

On September 8, 2020, the United States filed this in rem action seeking to "forfeit and condemn to the United States 1912 Wheeler Street, Houston, Texas 77004[.]" (Doc. 1 at 1.) The United States represents that this property:

> represent[s] a thing of value furnished by any person in exchange for a controlled substance or listed chemical in violation of subchapter I of Chapter 13 of Title 21, and/or representing proceeds traceable to the exchange of moneys for controlled substances or listed chemicals, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and therefore, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

(*Id.*)

The Government alleges that Martrell Harris entered into a contract in May of 2018 to purchase the property at issue. (*Id.* ¶ 1.) Harris applied for a loan with Heritage Bank on behalf of T&H Construction, LLC, which he allegedly owned. (*Id.*)

The United States claims that Harris is under investigation by the ATF and is "believed to be the head of a violent drug trafficking organization that originated in Baton Rouge, Louisiana." (*Id.* ¶ 6.) The head ATF agent on Harris' case has contacted numerous witnesses who purportedly confirmed that Harris sold illegal narcotics in the Baton Rouge area. (*Id.*)

According to the Government, "It is believed that he has used illegal narcotics and proceeds from the sale of illegal drug activity to purchase the defendant property." (*Id.*) The Government prays, *inter alia*, that the Court arrest and seize the property at issue and that it be "forfeited and condemned to the United States of America[.]" (*Id.* at 8.)

## II. Discussion

### A. Parties' Arguments

Harris now moves to stay these proceedings. (Doc. 7 at 1.) Harris claims he "is not aware of any currently pending federal or state indictment or outstanding arrest warrant against Mr. Harris for either of [the above] charges." (*Id.* ¶ 3.) "Harris does however believe that he is a target of investigation by federal agents associated with those allegations." (*Id.*) Harris refers to the Government's complaint, which acknowledges that Harris is the owner of the property. (*Id.* ¶ 4.)

The Government opposes the motion. (Doc. 8.) In short, the United States argues that a claimant does not have statutory standing to assert a claim in a forfeiture action and obtain a stay if he does not file an answer. (*Id.* at 2.) Here, Harris has not filed an answer, despite being given notice by the Government of his need to do so and the consequences of his failing to do same. (*Id.* at 3.)

### B. Applicable Law

Under 18 U.S.C. § 981(g)(2):

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Thus, to obtain a stay, the claimant must have "standing to assert a claim in the civil forfeiture proceeding." *Id.* § 918(g)(2)(B).

"The claimant has the burden of establishing standing in forfeiture proceedings." *United States v. $100,641.06 U.S. Currency*, No. 13-5566, 2014 WL 6896035, at *3 (E.D. La. Dec. 8, 2014). "To properly contest forfeiture, a claimant must have both Article III and statutory standing." *Id.* (citing *United States v. $1,000 in U.S. Currency seized from Inmate Account Number 230277*, No. 2:04–CV–1084JCM(LRL), 2014 WL 3928607 (D. Nev. Aug. 12, 2014)).

"A claimant perfects statutory standing through compliance with the procedures set forth in Supplemental Rule G(5)(a) and (b)." *Id.* (citing *United States v. One 1985 Cadillac Seville*, 866 F.2d 1141, 1148 (9th Cir. 1989)). "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *Id.* (citing Rule G(5)(a)(i)). "The claim must: (a) identify the specific property claimed; (b) identify the claimant and state the claimant's interest in the property; and, (c) be signed by the claimant under penalty of perjury." *Id.* (citing Rule G(5)(a)(i)(A)-(C)). Critically here, "[a] claimant must serve and file an answer to the complaint within 21 days after filing the claim." *Id.* (citing Rule G(5)(b)).

3

"Strict compliance with Supplemental Rule G(5) is required." *Id.* at *4 (numerous citations omitted). "Failure to comply with the foregoing requirements leaves a claimant without standing to challenge the forfeiture." *Id.* Thus, "[c]ase law makes clear that the failure to file an answer before the prescribed deadline precludes the claimant from attaining statutory standing." *Id.* at *5 (citing *United States v. 2006 Chevrolet Corvette*, No. 12–2492, 2013 WL 3832690, at * 1 (E.D. La. July 23, 2013)).

"A court has discretion in appropriate circumstances to depart from the strict construction required by Rule G." *Id.* "The Court may excuse a claimant's procedural default in the 'appropriate circumstances' or where certain mitigating factors are present." *Id.* (citing *United States v. $15,701.97*, No. 09-3437, 2010 WL 3418246, at *2 (E.D. La. Aug. 23, 2010); *United States v. $48,000 U.S. Currency*, No. 06–10952, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007)). "To the extent a claimant's failure to comply with Rule G(5) is substantive, the Advisory Committee Notes regarding Rule G indicate that the parties should be provided the same opportunity to cure defects afforded to parties under Rule 15." *United States v. $26,535.00 in United States Currency*, No. 1:18-CV-350, 2019 WL 1030554, at *3 (E.D. Tex. Feb. 15, 2019) (citing *United States v. $48,880, more or less*, *in United States Currency*, No. 6:15-CV-364-RP, 2017 WL 1493705, at *3 (W.D. Tex. Apr. 26, 2017) (citing Rule G, advisory comm. notes sub. 8: "[a]s with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15")), *report and recommendation adopted*, No. 1:18-CV-350, 2019 WL 1028130 (E.D. Tex. Mar. 1, 2019). Further, a claimant's " 'failure to present any evidence demonstrating a good faith attempt to file an [answer] on time, detrimental reliance on government misinformation, or expense of considerable resources preparing this case for trial,' weighs heavily

4

in the Court's decision to not exercise its discretion." *United States v. $100,641.06 U.S. Currency*, 2014 WL 6896035, at *5 (quoting *United States v. $2,857.00*, 754 F.2d 208, at *4 (5th Cir. 1985)).

### C. Analysis

Having carefully considered the matter, the Court will deny Harris' motion to stay. Though Harris filed a claim, (Doc. 5), he has not yet filed an answer, much less a timely one. Further, Harris has failed to provide any explanation or justification for his failure to do so. Under the circumstances, Harris lacks statutory standing, and his motion to stay must be denied. *See United States v. 2006 Chevrolet Corvette*, 2013 WL 3832690, at *1–2 (striking claims where claimants missed deadlines for filing an answer and for responding to special interrogatories and where "claimants fail[ed] to identify any special or extenuating circumstances that warrant[ed] relaxation of the Supplemental Rules."); *United States v. $100,641.06 U.S. Currency*, 2014 WL 6896035, at *5 (finding that *"*[c]laimants lack standing to challenge the United States' forfeiture of the Defendant Property in this action" where answer was untimely and where "[c]laimants fail[ed] to identify any special or extenuating circumstances that warrant relaxation of the Supplemental Rules[.]"); *United States v. $26,535.00 in United States Currency*, No. 1:18-CV-350, 2019 WL 1030554, at *3 (E.D. Tex. Feb. 15, 2019) (recommending that claim be stricken because, *inter alia*, "Ms. Mitchell has not filed a separate answer to the United States' complaint as required under Rule G(5)(b)," because "[h]er deadline to do so is long expired," and because "[s]he has not made any attempt to cure the deficiencies in her filing or otherwise set forth circumstances warranting relaxation of the strict application of the Supplemental Rules."), *report and recommendation adopted*, No. 1:18-CV-350, 2019 WL 1028130, at *1 (E.D. Tex. Mar. 1, 2019) (adopting report and recommendation because, among other issues, plaintiff "still ha[d] not filed

an answer to the complaint or sought leave to do so out of time" and because her "claim [was] still defective under the applicable rule.").

### III. Conclusion

According,

**IT IS ORDERED** that the *Motion to Stay Civil Proceeding Pursuant to 18 USC § 981(g)(2)* (Doc. 7) filed by claimant Martrell Harris is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>October 6, 2021</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**